IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

**FREDDIE VIERA CLASS, et als,**
**Plaintiffs,**

      v.                                            **CIVIL NO.: 02-2604 (DRD)**

**COMMONWEALTH OF**
**PUERTO RICO, et. als.,**
**Defendants.**

**ORDER OF DISMISSAL**

On February 9, 2006, the undersigned issue an Order scheduling a Status Conference for the 13th day of February 2006 (Docket No. 83). On said date, counsel for plaintiffs failed to show at the Status Conference as scheduled. Further, the Minutes of Proceedings reveal that counsel for plaintiff was ordered to Show Cause within five (5) days as to why he should not be sanctioned in the amount of seven hundred dollars ($700.00) for its failure to appear at the scheduled conference (Docket No. 84). Furthermore, counsel was forewarned that its failure to comply with the order to show cause and further failure to appear as scheduled, would result in disciplinary measures, included but not limited to, the dismissal of the captioned case (Docket No. 84). Finally, the Court rescheduled the Status Conference for the 27th day of February 2006. In a repeated pattern of noncompliance, counsel for plaintiffs failed to comply with the Order to Show Cause as to the sanction and once again failed to appear at the rescheduled Status Conference.

"[I]t has long been understood that certain implied powers must necessarily result to our Courts of justice from the nature of their institution, powers which cannot be dispensed with in a Court, because they are necessary to the exercise of all others." Chambers v. NASCO, Inc., 501 U.S. 32, 43, 111 S.Ct. 2123, 2132 (1991)(citations omitted). Those inherent powers to sanction parties for litigation abuses include the power to "act *sua sponte* to dismiss a suit for failure to prosecute." Id., at 44.[1] This rule has its basis on the principle that "[a]ttorneys represent clients, and as a general rule an attorney's blunder binds her client." See Link v. Wabash R. Co., 370 U.S. 626, 633-36, 82 S.Ct. 1386, 1390-92 (1962); Thibeault v. Square D Co., 960 F.2d 239, 246 (1st Cir.1992).

In the case at bar, counsel for plaintiffs have failed to appear at a scheduled Status Conference, has failed to comply with the Court's Order to Show Cause, and additionally has failed to appear at the rescheduled Status Conference. The Court finds this is inexcusable.[2] Plaintiffs must be reminded that "[p]rejudice to the court is inherent in needless delays and postponements."

---

[1] "[D]ismissal either for failure to comply with discovery orders or lack of prosecution is a matter within the discretion of the district court and the claim of abuse of discretion [the court emphasizes] has not received a sympathetic ear from [the First Circuit]." Damiani v. Rhode Island Hospital, 704 F.2d 12, 17 (1st Cir. 1983).

[2] The Court notes that the Case Management/Electronic Case Filing System (CM/ECF) evidences that counsel for plaintiff received notice of the Scheduling Order (Docket No. 83) and the Minutes of Proceedings (Docket No. 84). The CM/ECF systems has displayed a notice evidencing that the Scheduling Order and the Minutes of Proceedings were received at counsel's electronic mail address of record.

Chuang Invs. v. Eagle Inns, Inc., 81 F.3d 13, 14 (1st Cir. 1996).  Consequently, this Court holds that **plaintiffs' failure to appear at a scheduled conference, failure to respond to the Order to Show Cause issued and finally failing to appear at the rescheduled Status Conference signals lack of interest and, buttresses the Court's conclusion that dismissal of this case with prejudice is appropriate**.

The Court finds plaintiffs have, as a matter of fact, tried to box twelve rounds in the rough ring of civil litigation, without ever responding to the referee's admonishments, assuming perhaps that the Court will forgive them and consequentially "throw in the towel" for them every time. The Court, however, has no "obligation to play nursemaid to indifferent parties." Pinto v. Universidad de Puerto Rico, 895 F.2d 18, 19 (1st Cir. 1990). **Plaintiffs have knocked themselves out** by failing to comply with the Court's clearly communicated orders.  The Court finds that not only have they failed to be **reasonably** diligent, they have **not been diligent at all**.  Therefore, dismissal is firmly founded in this case in view of Plaintiffs' disregard of the Local Rules, the Federal Rules of Civil Procedure and its inexcusable behavior failing to show interest in prosecuting his claims.

It is well known that the Court cannot sit idly waiting for plaintiff to litigate its case at its pleasure.  Plaintiffs have shown a pattern of noncompliance with this Court's order in addition to show a lack of diligence prosecuting its claims.  *See*, Damiani v. Rhode Island Hospital, 704 F.2d at 15-16.  In sum, Plaintiff has shown a lack of interest vindicating whatever rights they may have. Zavala Santiago v. Gonzalez Rivera, 553 F.2d 710, 713 (1st Cir. 1977).  Furthermore, "[t]he effective administration of justice requires that trial court possess the capability to manage their own affairs." Chamorro v. Puerto Rican Cars, 304 F.3d 1, 6 (1st Cir., 2002) *citing* Chambers v. NASCO, Inc., 501 U.S. at 43.  "[T]he inherent power of trial courts to dismiss cases for want of prosecution or disregard of judicial orders is reinforced and augmented by Rule 41(b)." Chamorro v. Puerto Rican Cars, 304 F.3d at 4.  The Court has showed considerable patience in this case and has provided warnings and a second chance which plaintiff has disdained.  Simply expressed, there is no reasonable excuse for plaintiff's failure to comply with the Court's order and evidence compliance with the rules of practice.  Finally, notwithstanding the leniency showed by the Court, plaintiff has failed to react.  There is no other sanction available for plaintiff's own inactivity and its lack of interest in vindicating their rights.  In the instant case there is no other lesser sanctions available and appropriate." Estate of Solis-Rivera v. United States, 993 F.2d at 2.

Therefore, for the reasons stated herein, the Court hereby **DISMISSES** all claims against Defendants **WITH PREJUDICE** for Plaintiff's failure to comply with the Court's clearly communicated orders.  Furthermore, counsel is **ORDERED** to pay **on or before March 8, 2006,** the amount of **Seven Hundred Dollars ($700.00)** as sanctions for its repeated pattern of noncompliance with the Court's orders and for its failure to appear at the scheduled conferences. **Judgment shall be issued accordingly.  THIS CASE IS CLOSED FOR ALL STATISTICAL PURPOSES.**

    **IT IS SO ORDERED.**
In San Juan, Puerto Rico, this 28th day of February 2006.

                                    **S/DANIEL R. DOMINGUEZ**
                                      **DANIEL R. DOMINGUEZ**
                                        **U.S. DISTRICT JUDGE**