## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

**FREDDY VIERA CLASS, et. al**
**Plaintiffs,**

**v.**                                                                        **CIVIL NO.: 02-2604 (DRD)**

**COMMONWEALTH OF**
**PUERTO RICO, et. als.**
**Defendants**

### ORDER

Pending before the Court is Freddy Vieras Class' (plaintiff) *Motion Requesting Relief From Judgment* (Docket No. 89), and *Amended Motion Requesting Relief From Judgment* (Docket No. 90). Through said motions, plaintiff moves the Court to set aside the judgment dismissing plaintiff's claims against the defendants with prejudice and imposing plaintiff's counsel monetary sanctions in the amount of $700.00 due to counsel's failure to appear at two Status Conferences scheduled for February 16, 2006 and February 27, 2006, respectively. In support to his position, counsel for plaintiffs affirms that, during the month of February 2006, his computer was infected with a worm virus that corrupted his files, email program and hard disk system. Counsel sustains that due to said condition, he was precluded from receiving the electronic notices sent by the Court notifying the scheduling of the Status Conferences resulting in his failure to appear at said conferences.

On May 3, 2006, the Court held an Evidentiary Hearing on the record to receive any evidence under oath in support of its request to set aside the Judgment. Movant brought forth its expert witness Mr. Jorge Vega, who was admitted by the Court as an expert in the field of computer's repair. Counsel for defendants did not oppose Mr. Vega's admission. Mr. Vega's testimony showed that counsel's computer was infected by a Trojan Horse which affected counsel's exe. programs and electronic mail retrieving capabilities, and neutralized the computer's Anti Virus software. Mr. Vega's testimony further showed that outgoing capabilities of the computer to access internet may have been affected also in some manner. Relevant to the instant case, Mr. Vega testified that counsel's electronic mail's inbox could have been affected by the Trojan Horse limiting the capabilities of retrieving said incoming electronic mail in any other computer besides the computer infected. Further, Mr. Vega stated for the record that counsel may have been impeded to retrieve his incoming electronic messages due to the configuration between counsel's computer and the electronic mail service within his internet service provider (ISP). Finally, Mr. Vega testified that up today, counsel's computer still show problems related to the Trojan Horse.

During the Hearing, Ms. Coral Rodriguez, Manager for the Case Management/Electronic Case Filing System (CM/ECF), was present in courtroom during the Evidentiary Hearing orienting the undersigned as to the effects of the Trojan Horse in counsel's computer, and also to attest the capabilities of the Court's system to track incoming and outgoing messages from counsel's computer to the Court's server. The Court's system showed that counsel's electronic mailbox failed to receive the February 9, 2006, Order scheduling a Status Conference for February 16, 2005, at 5:00 p.m.

Page 1 of 3

(Docket No. 83). The Court's system further shows that the Minutes of Proceedings for the February 16, Status Conference (Docket No. 84) ordering plaintiff to show cause as to why monetary sanctions should not be imposed for its failure to appear at the February 16 conference, and scheduling a second Status Conference for February 27, 2006 at 5:30 p.m., was successfully delivered to counsel's mailbox. Notwithstanding, counsel failed to show to the scheduled conference for a second consecutive time. On February 28, 2006, the Court issued an Order dismissing plaintiff's claims due to counsel's failure to comply with the Court's Order, and judgment was entered. The system reveals that the order of dismissal and judgment were successfully delivered to counsel. Finally, the Court's system shows that on March 1, 2006, the Court issued the Minutes of Proceedings for the February 27 Status Conference, and said minutes were delivered to counsel's electronic mailbox. Finally, counsel filed the instant motions thirty (30) days after the order of dismissal and judgment were entered.

At this time, the Court has doubts that plaintiff's failure to comply with the orders issued by the Court was willful. The Court explains. The testimony under oath received from Mr. Jorge Vega clearly shows that counsel's computer was seriously affected by the Trojan Horse. The testimony clearly showed that a Trojan Horse is a malicious and destructive software installed in a computer, unbeknownst to the user, erasing, destroying or overriding data, corrupting files, and altering some of the computer settings and/or functions. Consequently, the Court deems that it is reasonable that counsel for plaintiff had valid justification not to respond to the Court's orders nor to appear at the scheduled conferences. Under such circumstances, dismissal is inappropriate.

However, the Court forewarns plaintiff's counsel that in an era wherein many services and transactions are performed through a computer device, counsel's argument is deemed as an updated version of the classic excuse "my dog ate my homework" line. *Fox v. American Airlines, Inc.*, 389 F. 3d 1291, 1294-1296 (D.C. Cir. 2004).

In the words of the D.C. Circuit:

Imperfect technology may make a better scapegoat that the family dog in today's world, but not so here. ...[C]ounsel's effort at explanation, even taken at face value, is plainly unacceptable. Regardless whether he received the email notice, he remain[s] obligated to monitor the court's docket. See, *United States ex rel. McAllan v. City of New York*, 248 F. 3d 48, 53 (2nd Cir. 2001)(**Parties have an obligation to monitor the docket sheet to inform themselves of the entry orders**...) cert, denied, 535 U.S. 929, 122 S. Ct. 1301; *Cf. Norgaard v. DePuy Orthopedics, Inc.*, 121 F. 3d 1074, 1075 (7th Cir 1997)(**ignorance of the court's docket "is nothing but negligence, which does not justify untimely action"**).

*Fox v. American Airlines, Inc.*, 389 F. 3d at 1294.

In other words, the Court is of the opinion that although counsel's computer was struck with a major "electronic catastrophe", counsel had the duty to monitor the Court' Docket through other means to know the status of its cases. Nevertheless, because this is an issue of first impression in this District, and because counsel's expert testified as to the real probability that counsel was precluded from retrieving its electronic mail hence, Court's notices in any other computer, the

undersigned believes that plaintiff may have a colorable cause of action which deserves to be entertained in the merits rather than being dismissed due to an unfortunate event to counsel.

Therefore, the Court hereby **GRANTS** Freddy Vieras Class' *Motion Requesting Relief From Judgment* (Docket No. 89), and **MOOTS** plaintiffs' *Amended Motion Requesting Relief From Judgment* (Docket No. 90). Further, the monetary sanctions in the amount of Seven Hundred Dollars ($700.00) impose upon counsel are hereby **VACATED**. However, counsel has been forewarned of his duty to constantly monitor the status of its cases independently of internal problems which may rise at counsel's office. The Court shows its leniency this time, but a second attempt to bite the apple is deemed by the Court as untenable. Finally, the Court sets a **Status Conference** for the **25th day of May 2006 at 5:30 p.m.** Plaintiff shall be ready to show the Court how it plans to comply with the requisites set forth by *Whitfield v. Melendez-Rivera*, 431 F.3d 1 (1st Cir. 2005).

**IT IS SO ORDERED.**
In San Juan, Puerto Rico this 15th day of May 2006.

S/DANIEL R. DOMINGUEZ
**DANIEL R. DOMINGUEZ**
**U.S. DISTRICT JUDGE**